

## SULLIVAN NIMEROFF
## BROWN HILL

ATTORNEYS AT LAW

William D. Sullivan
bsullivan@snbhlaw.com

919 N. Market St., Suite 420
Wilmington, DE  19801
(T) 302-428-8191
(F) 302-428-8195

May 12, 2026

**Via CM/ECF and Hand Delivery**
The Honorable Jennifer L. Hall
United States District Court
District of Delaware
844 North King St., Unit 17, Room 6312
Wilmington, DE 19801-3570

> Re:    ***Central States, Southeast and Southwest Areas Pension Fund, et al. v.
> Yellow Corporation, et al.*, Civil Action No.: 1:25-mc-00325-JLH**

Dear Judge Hall:

I am counsel for the Appellants in this matter. This letter constitutes the statement of Appellants Central States, Southeast and Southwest Areas Pension Fund ("Central States") and Trucking Employees of North Jersey Pension Fund ("TENJ") pursuant to the Court's April 14, 2026 oral order (Dkt. No. 15), which required certain Appellants to inform the Court as to whether they intend to withdraw from or continue this interlocutory appeal within twenty days of the entry of an order with respect to their proposed settlements.

On April 22, 2026, the Bankruptcy Court entered an order approving the proposed settlement between the Debtors and Central States. *See Order Relating to Motion of the Debtors to Approve Settlement Agreement by and Among the Debtors and Central States, In re Yellow Corporation et al.*, Case 23-bk-11069, Dkt. No. 8853, (Bankr. D. Del. April 23, 2026). Then, on April 23, 2026, the Bankruptcy Court entered an order approving the proposed settlement between the Debtors and TENJ. *See Order Relating to Motion of the Debtors to Approve Settlement Agreement by and Among the Debtors and Trucking Employees of North Jersey Pension Fund, In re Yellow Corporation et al.*, Case 23-bk-11069, Dkt. No. 8860, (Bankr. D. Del. April 23, 2026).

Notwithstanding the fact that MFN Partners, LP and Mobile Street Holdings, LLC have appealed the Order approving the settlement with Central States (Bankr. Dkt. No. 8881), Central States and TENJ state that they intend to withdraw from this interlocutory appeal without prejudice. Central States and TENJ each respectfully reserve the right to raise their challenges to the Bankruptcy Court's interlocutory orders following entry of a final judgment, if any, with respect to their claims in the Bankruptcy Court. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 706 (3d Cir. 1996).

The Honorable Jennifer L. Hall
May 12, 2026
Page **2** of **2**

   The parties are available at the Court's convenience should Your Honor have any questions.

             Respectfully submitted,

             */s/ William D. Sullivan*

             William D. Sullivan

WDS/hmc

cc: Peter J. Keane, Esq.